IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CURRY D. WHITLOW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:25-CV-00816-RAH |
| | ) | |
| UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

**THIS CAUSE** is before the Court on Petitioner Curry D. Whitlow's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255 which collaterally attacks his conviction and sentence in his criminal case, *United States v. Whitlow*, No. 3:23-cr-131-RAH-JTA (M.D. Ala. Feb. 2, 2024).[1] Whitlow's petition is fully briefed. The Court has carefully considered the Petition and record submissions and concludes that the Petition is due to be denied.

## BACKGROUND

On April 4, 2023, Whitlow was indicted on three counts—possession with intent to distribute methamphetamine, felon in possession of a firearm, and possession of a firearm in furtherance of a drug-trafficking crime. (Doc. 6-1 at 1–2.) The charges came after a search of Whitlow's residence under a state-court issued search warrant. That warrant in part was based on information provided by a confidential source. During the search, approximately two kilograms of methamphetamine and a firearm were found.

---

[1] All citations to the underlying criminal action will be denoted as Cr. No.

Through counsel, Whitlow filed a motion to suppress, arguing that the affidavit used to secure the search warrant was insufficient to establish probable cause because the information provided by the confidential source was not specific enough and lacked independent corroboration. (Doc. 6-3.) After a hearing, the Magistrate Judge recommended that the motion be denied. (Cr. No. 27.) Whitlow filed an objection, but the objection was overruled, and the report and recommendation was adopted by this Court. (Cr. No. 31.)

On October 5, 2023, Whitlow filed his intent to change his plea to guilty in a negotiated plea agreement with the Government. (Cr. No. 38.) Under the plea agreement, Whitlow agreed to plead guilty to the drug possession charge (Count 1) and the felon in possession of a firearm charge (Count 3). (Doc. 6-4.) In exchange, the Government agreed to dismiss the charge for possession of a firearm in furtherance of a drug trafficking crime (Count 2) and to recommend a guideline sentence. (*Id.*) The plea agreement disclosed that the minimum sentence for Count 1 was ten years and the maximum sentence for Count 3 was fifteen years. (*Id*. at 2.) The plea agreement also contained an appeal and collateral attack waiver, in which Whitlow expressly waived the right to attack the conviction and sentence in any post-conviction proceeding, including under Section 2255, except on grounds of ineffective assistance of counsel and prosecutorial misconduct. (*Id*. at 10.) The plea agreement preserved Whitlow's ability to appeal the outcome of his motion to suppress. (*Id*.)

On October 11, 2023, the Magistrate Judge conducted a change of plea hearing. During that hearing, Whitlow was told that the minimum sentence for Count 1 was ten years and the maximum sentence for Count 3 was fifteen years. (Doc. 6-7 at 8–9.) He was also told that the sentencing court could reject the Government's sentencing recommendation, give a sentence more serious than he anticipated up to the statutory maximum, and give a sentence higher or lower than the sentencing

guidelines. (*Id*. at 19.) He was further told that the sentence imposed by the sentencing court could be different from any sentence estimated by his attorney. (*Id*.) Then, after engaging in the colloquy with the Magistrate Judge, Whitlow pleaded guilty to Counts 1 and 3 of the Indictment. (*Id*. at 25.)

Whitlow was sentenced on February 1, 2024, to 262 months imprisonment, which was a variance below his guideline calculation of 292 to 365 months.

Whitlow appealed to the Eleventh Circuit, challenging the rulings on his suppression motion. In his appeal, as characterized by the Eleventh Circuit, Whitlow "argu[ed] that the warrant did not meet the probable cause requirement and the good-faith exception to the exclusionary rule [did] not apply." *United States v. Whitlow*, No. 24-10489, 2024 WL 4512464, at *1 (11th Cir. Oct. 17, 2024) (per curiam). On October 17, 2024, the Eleventh Circuit affirmed, stating "[w]hether or not probable cause existed, this warrant (though inartfully drafted) presents enough indicia of probable cause for an objectively reasonable officer to rely on it in good faith" and "because the good-faith exception to the exclusionary rule applies, the evidence of the search was properly admitted by the district court." *Id.* at *2. The mandate issued on November 15, 2024.

On October 9, 2025, Whitlow filed the instant Petition pursuant to 28 U.S.C. § 2255. The Petition raises an ineffective assistance of counsel claim based on four asserted instances of alleged ineffective assistance: (1) counsel did not raise the issue of lack of probable cause when "Counsel knew or should have known of existing law that states that the search warrant is invalid when it does not describe the items to be searched for and things to be seized"; (2) counsel failed to investigate when "Counsel knew or should have known that there was no confidential source, as counsel failed to place arresting officer before the court for questioning to prove none existance [sic] of alleged CS"; (3) counsel mislead Whitlow into pleading guilty when "Counsel informed Movant that if he took the guilty plea, he would

3

receive ten (10) no more than fifteen (15) years, and would be sentenced with the charge of mixture, not actual, because the indictment was for mixture, but Movant was sentence [sic] to actual"; and (4) counsel failed to hold the Government to its standard as an adversary when "Counsel knew or should have known the government was using false fabricated evidence and did not hold the government to its higher standard." (Doc. 1 at 4–8.) Whitlow seeks a *Franks* hearing and an *in camera* hearing where the Government must produce the confidential source to determine the truth of the matter.

The Government argues that, while timely, Whitlow's claims are without merit.

## LEGAL STANDARD

A prisoner may obtain relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (cleaned up). Ineffective assistance of counsel is one of those claims that can be raised in a § 2255 petition. A defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985).

A claim of ineffective assistance of counsel is evaluated under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). An attorney is considered constitutionally ineffective only if (1) his or her "performance was deficient" and (2) that "deficient performance prejudiced the defense." *Strickland*,

4

466 U.S. at 687; *see also Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

"In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Chandler*, 218 F.3d at 1315 ("[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take."); *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983) ("Even if in retrospect the strategy appears to have been wrong, the decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it."). Scrutiny of counsel's performance is highly deferential, and the court indulges a strong presumption that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314.

Under the prejudice component, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. But the prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the results of the proceeding fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").

Unless the petitioner satisfies both prongs of the *Strickland* test, relief must be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite

showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *see also Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

## DISCUSSION

In his Petition, Whitlow points to several actions or inactions by his trial counsel that he claims were constitutionally ineffective. These can be grouped into two general challenges: (1) counsel was ineffective for failing to challenge the search warrant and (2) counsel was ineffective for misleading him into pleading guilty. The Court will address each argument in turn, and concludes that neither of them warrant relief.

### 1.    The Search Warrant

In his first and primary argument, Whitlow states that counsel was ineffective because counsel failed to raise and presumably object to the search warrant. Whitlow claims the warrant was defective and invalid since the supporting probable cause affidavit failed to describe the items to be searched and seized. Relatedly, Whitlow faults his counsel for failing to challenge the existence, which Whitlow calls fabricated, of the confidential source referenced in the probable cause affidavit.

The core theme to these various arguments is Whitlow's general position that the search warrant was substantively and technically defective and therefore his counsel should have done more to challenge it. As it goes, if he was successful in having the warrant tossed, then so would the search that resulted in the discovery of the methamphetamine and firearm for which he was charged, convicted, and sentenced.

The Government makes three arguments. First, the Government states that Whitlow's counsel did challenge the validity of the search warrant. Second, the Government states that the Eleventh Circuit in its affirming opinion found that any defects in the probable cause affidavit—such as lack of specificity, lack of probable cause, or a nonexistent confidential source—did not matter because the search of

6

Whitlow's home fell within the *Leon* good faith exception, thereby making it a lawful search. Third, the Government argues that Whitlow's counsel was not constitutionally ineffective for challenging the warrant in the manner that he did, instead of requesting a *Franks* hearing, and that regardless, Whitlow has not shown that he was entitled to a *Franks* hearing.

At the outset, Whitlow's claim that his counsel's assistance was constitutionally deficient is unsupported by the record because Whitlow's counsel in fact did vigorously challenge the probable cause affidavit, including the confidential source, through his *Motion to Suppress*. (Cr. No. 15.) In the motion, Whitlow's counsel discussed the warrant application and the affidavit in support of it. Among others, counsel raised issues concerning the lack of information about what the alleged confidential source observed and when he observed it and noted that that the source never claimed to have purchased illegal narcotics from Whitlow. As counsel described it in the *Motion to Suppress*, "[t]he original search warrant affidavit was deficient. The affidavit does not specify when the CS observed Mr. Whitlow in possession of narcotics. Nor does it assert any independent corroboration which would have corroborated the tip." (*Id.* at 2.) After a hearing on the *Motion to Suppress*, the Magistrate Judge recommended that the motion be denied, finding that the affidavit was supported by sufficient probable cause, but even if it was not, the *Leon* good faith exception applied. (Cr. No. 27.) This Court adopted the recommendation.

Then, after pleading guilty, Whitlow appealed the search warrant issue to the Eleventh Circuit. The Eleventh Circuit affirmed, holding that, even if probable cause did not exist, there was enough indicia of probable cause for an objectively reasonable officer to rely on it in good faith. *Whitlow*, 2024 WL 4512464, at *1. Therefore, the *Leon* good-faith exception to the exclusionary rule applied, thereby rendering admissible the fruits of the search. *Id.*

Even if Whitlow was able to establish constitutionally deficient performance by his counsel, Whitlow's claim still fails because Whitlow cannot establish prejudice. The record plainly shows, as the Eleventh Circuit held in his direct appeal, the *Leon* exception applied to foreclose suppression of the search for lack of probable cause.

Under the prejudice prong of *Strickland*, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) (cleaned up). Indeed, the court must examine the entirety of counsel's performance and the effect of such "in light of the record as a whole to determine whether it was reasonably probable that the outcome would have been different." *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (quoting *Matire v. Wainwright*, 811 F.2d 1430, 1434 (11th Cir. 1987)).

Here, on appeal, the Eleventh Circuit affirmed the denial of Whitlow's *Motion to Suppress*, concluding that the *Leon* good faith exception applied. This meant that even if the affidavit was defective as Whitlow claims, that defect did not render the search void. As such, Whitlow cannot prove prejudice or the reasonable probability that an objection would have succeeded. *See Campana v. Sec'y, Dep't of Corr.*, No. 18-13236-K, 2019 WL 3545591, at *1 (11th Cir. Jan. 31, 2019) (holding petitioner failed to establish prejudice based on counsel's failure to move for disclosure of confidential sources' identities because, in part, petitioner "did not establish a

reasonable probability that a motion to disclose would have succeeded"); *Smith v. United States*, No. 4:21-cv-8008-CLM, 2022 WL 2110266, at *6 (N.D. Ala. June 10, 2022) (finding lack of prejudice where Eleventh Circuit, in the direct appeal, upheld admission of challenged search evidence under the good faith exception); *Barnes v. United States*, No. 3:21-cv-96-BJD, 2022 WL 4537680, at *6–7 (M.D. Fla. Sept. 28, 2022) (same).

Although he raises it as a distinctive ground of ineffective assistance when in fact it is the same general issue, Whitlow also claims that his legal counsel should have requested a *Franks* hearing due to the defective probable cause affidavit. The Supreme Court in *Franks* held that, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks v. Delaware*, 438 U.S. 154, 155–156 (1978). "In short, to prevail in a *Franks* challenge, [a defendant] must establish (1) that information contained in an affidavit was untrue, (2) that inclusion of the untrue information was either deliberate or in reckless disregard for the truth, and (3) that the untrue information was an essential element of the probable cause showing relied upon by the judicial officer in issuing the search warrant." *O'Ferrell v. United States*, 253 F.3d 1257, 1267 (11th Cir. 2001) (internal citations and punctuation omitted). "A search warrant may be voided if the affidavit supporting the warrant contains deliberate falsity or reckless disregard for the truth [.]" *Dahl v. Holley*, 312 F.3d 1228, 1235 (11th Cir. 2002). "Nonetheless, the warrant is valid if, absent the misstatements or omissions, there remains sufficient content to support a finding of probable cause." *Id.*

Whitlow's *Franks* argument is simply another attack to the probable cause affidavit made the basis of the search warrant. And, for the same reasons, it fails. A

*Franks* hearing request would not have benefited Whitlow in any way, and his counsel cannot be deemed to have rendered ineffective assistance on this basis because the *Leon* exception applied.

*Leon* aside, Whitlow also has failed to make a sufficient showing that the affiant included false statements that were necessary to a finding of probable cause either intentionally or in reckless disregard for the truth. The affidavit stated that the confidential source had supplied information. Whitlow claims the confidential source was fabricated. This vague and conclusory statement is not enough to have resulted in a *Franks* hearing. *See, e.g.*, *Franks*, 438 U.S. at 171–72 (providing that defendant is not entitled to a *Franks* hearing unless he points "specifically [to] the portion of the warrant affidavit that is claimed to be false" and supplies "affidavits or sworn or otherwise reliable statements of witnesses"); *United States v. Wuagneux*, 683 F.2d 1343, 1356 (11th Cir. 1982) (upholding trial court's decision not to order a *Franks* hearing because the defendant failed to articulate the nature of the anticipated testimony beyond conclusory statements). Thus, there is no reasonable probability that Whitlow would have received a *Franks* hearing, let alone won the issue after the hearing, especially in light of the *Leon* exception.

### 2.    Misleading him into pleading guilty

Whitlow also argues that counsel was constitutionally ineffective because counsel advised him that if he pleaded guilty, he would receive a sentence between ten and fifteen years and would be sentenced based on a mixture quantity. This is essentially a challenge to the knowing and voluntary nature of his guilty plea.

The Government responds that Eleventh Circuit precedent establishes that an ineffective assistance claim is not cognizable where the record shows that the defendant was informed that he could receive a sentence higher than predicted by his attorney.

10

To challenge the validity of a guilty plea on the ground of ineffective assistance of counsel, the defendant must demonstrate prejudice; that is, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In order to be entitled to relief in such cases, the defendant must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Downs-Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 774 (1970)).

Whitlow's claim fails. First, he has not shown prejudice because he does not assert that he would not have pleaded guilty if his legal counsel had told him something different. *See Blancher v. United States*, No. 24-10584, 2025 WL 1202434, at \*5 (11th Cir. Apr. 25, 2025), *cert. denied*, 146 S. Ct. 273 (2025).

Second and more importantly, assuming his counsel incorrectly advised him of his sentencing range, the record shows that Whitlow was informed of the possibility of a higher sentence before he pleaded guilty. "An erroneous estimate by counsel as to the length of sentence" is not "necessarily indicative of ineffective assistance." *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981).[2] Indeed, a defendant's reliance on his attorney's erroneous prediction of a more lenient sentence is not enough to render a guilty plea involuntary. *See United States v. Pease*, 240 F.3d 938, 940–41 (11th Cir. 2001) (rejecting argument by defendant who received an enhanced sentence as a career offender that his plea was not knowing and voluntary because the sentencing court advised him that he faced a statutory

---

[2] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

maximum of life and despite counsel's prediction that his potential sentence under the plea agreement would be anywhere from five to ten years).

Here, while under oath, Whitlow engaged in a colloquy with the Magistrate Judge. During that colloquy, the Magistrate Judge explained the charges to Whitlow and told him that, by pleading guilty, he faced a minimum term of ten years on Count 1 and a maximum prison term of fifteen years on Count 3, and that Whitlow would be sentenced in accordance with the Federal Sentencing Guidelines. The Magistrate Judge told him that the sentencing court could reject the Government's sentencing recommendation, give a sentence more serious than he anticipated up to the statutory maximum, and give a sentence higher or lower than the sentencing guidelines. (Doc. 6-7 at 19–21.) Moreover, Whitlow was also told that the sentence imposed by the sentencing court could be different from any sentence estimated by his attorney. (*Id*. at 21.) Whitlow acknowledged the Magistrate Judge's explanations, and affirmed that he had discussed with his legal counsel the charges pending against him and that he was fully satisfied with his legal representation. (*Id.* at 6.) Whitlow then acknowledged that his guilty plea was knowing and voluntary, stated that he was not coerced or forced into entering the plea, and that he fully understood the consequences of entering a guilty plea. Whitlow testified to the facts of the charges, including his willing and voluntary possession of 500 grams or more of methamphetamine and a firearm. He then pleaded guilty, which the Magistrate Judge found to be knowing and voluntary.

In this Circuit, pleading guilty under these circumstances does not support an ineffective assistance of counsel claim. *See Cruz v. United States*, 188 F. App'x 908, 914 (11th Cir. 2006) (finding no ineffective assistance where movant claimed that counsel coerced her into pleading guilty based on misrepresented facts about the case and sentencing because, *inter alia*, "[t]he court . . . explained to her the maximum penalties and that the sentence imposed could be different from any

12

estimate given to her by her lawyer or anyone else"); *Stillwell v. United States*, 709 F. App'x 585, 589 (11th Cir. 2017) (per curiam) (finding no ineffective assistance where movant was given detailed and specific information concerning the scope of the appeal waiver and the sentence range); *United States v. Fairchild*, 803 F.2d 1121, 1123 (11th Cir. 1986) (per curiam) (finding no prejudice where court engaged in extensive colloquy with movant regarding the range of penalties). Whitlow cannot now complain that the ultimate sentence he received was defective or contrary to what was provided to him or said to him before he was sentenced. He has no claim here.

## EVIDENTIARY HEARING

Whitlow is not entitled to an evidentiary hearing because he has not alleged specific facts that, if true, would entitle him to habeas relief. *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 763 (11th Cir. 2010) ("Having alleged no specific facts that, if true, would entitle him to federal habeas relief, [Petitioner] is not entitled to an evidentiary hearing.").

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

(1)    Petitioner Curry D. Whitlow's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255 (doc. 1) is **DENIED**;

(2)    To the extent Whitlow seeks a certificate of appealability, the request to proceed on appeal is **DENIED** because Petitioner has failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000);

(3)    The Clerk is directed to **CLOSE** this case and mail a copy of this Order to Petitioner at the address of record; and

(4)    A separate final judgement will issue.

**DONE** and **ORDERED** on this the 20th day of March 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE